UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID ARTURO-AGUILAR**, | |
| Petitioner, | Civ. No. 16-981 (JMV) |
| v. | **OPINION** |
| **CHARLES GREEN**, | |
| Respondent. | |

Presently before the Court is a petition for writ of habeas corpus by Petitioner David Arturo-Aguilar[1] pursuant to 28 U.S.C. § 2241. Petitioner is challenging his detention by immigration officials without a bond hearing. For the reasons set forth below, the Petition will be DENIED without prejudice.

I.   FACTUAL BACKGROUND

Petitioner is a native and citizen of El Salvador who entered the United States without inspection on or about April 2005. On April 4, 2014, he was detained by immigration officials and placed into removal proceedings pursuant to 8 U.S.C. § 1226(c) after having been convicted in New Jersey Superior Court of aggravated assault with serious bodily injury in violation of N.J. STAT. ANN. 2C:12-1(B)(1).

---

[1] The Court notes that Petitioner's name appears incorrectly on the docket as "Arturo-Aguilar David." Based on the parties' submissions, it is evident that Petitioner's first name is "David," and his last name is "Arturo-Aguilar." The Clerk of the Court shall be directed to update the Court's docket to reflect Petitioner's name.

On March 13, 2015, an immigration judge issued an order of removal against Petitioner. (Resp't's Ex. 3, ECF No. 4-3). On March 26, 2015, the immigration judge reopened the matter *sua sponte* to consider the merits of Petitioner's claim for relief under the Convention Against Torture ("CAT"). (Resp't's Ex. 4, ECF No. 4-4). On October 26, 2015, the immigration judge denied Petitioner relief and ordered him removed to El Salvador. (Resp't's Ex. 5, ECF No. 4-5). In an Order dated February 26, 2016, the Board of Immigration Appeals dismissed Petitioner's appeal. (Resp't's Ex. 6, ECF No. 4-6). Petitioner appealed that decision to the Third Circuit Court of Appeals and sought a stay of removal pending review. *See Aguilar v. Att'y Gen. of United States*, App. No. 16-1538 (3d Cir. filed Mar. 14, 2016). The Third Circuit denied his stay request on April 11, 2016. (Resp't's Ex. 8, ECF No. 4-8).

While Petitioner's appeal of the immigration judge's decision was pending, Petitioner filed the instant Petition, which is dated February 17, 2016 and was entered on the Court's docket on February 22, 2016. (ECF No. 1). This Court required Respondent to file an Answer on March 24, 2016. (ECF No. 2). In his Answer and the attached exhibits (ECF No. 4), Respondent clarifies the procedural history of this case, outlined above, and confirms that Petitioner is subject to a final order of removal. As such, Respondent argues that Petitioner's post-removal-order detention is governed by 8 U.S.C. § 1231, and, thus, Petitioner's arguments regarding pre-removal-order detention are moot. Respondent further contends that the Petition is premature because Petitioner's post-removal-order detention is well within the presumptively reasonable six-month period set forth by the Supreme Court in *Zadvydas v. Davis,* 533 U.S. 678, 121 S. Ct. 2491, 150 L.Ed.2d 653 (2001).

II. DISCUSSION

Because the Board of Immigration Appeals dismissed Petitioner's appeal, the order of removal against Petitioner is final. *See* 8 C.F.R. § 1241.1(a) (stating that an order of removal from an Immigration Judge becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"). Therefore, as Respondent points out, the Court need not engage in an analysis of Petitioner's claim under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) or *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015), because those cases address the reasonableness of *pre*-removal-order detention. *See, e.g., Nkansah v. Aviles*, No. 15-2678, 2015 WL 4064691, at *2 (D.N.J. July 2, 2015), *reconsideration denied*, No. 15-2678, 2015 WL 4647988 (D.N.J. Aug. 5, 2015) (declining to engage in analysis under *Diop/Chavez–Alvarez* because petitioner was no longer in pre-order removal immigration detention, but was in post-order removal immigration detention). At this point, a pre-removal-order challenge to Petitioner's detention is moot.[2]

However, post-removal-order detention, like pre-removal-order detention, can become excessive at some point. Therefore, the Court will analyze the reasonableness of Petitioner's post-removal-order detention, which is governed by 8 U.S.C. § 1231(a). Title 8, United States Code, Section 1231(a)(1)(A), states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States

---

[2] This Court notes that the Third Circuit has recognized a reversion of post-removal-order detention to pre-removal-order detention when a reviewing court grants a stay, as contemplated by § 1231 (a)(1)(B)(ii). *See Leslie v. Att'y Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012) (finding that petitioner was not detained under § 1231 because he was "subject to and within a stay of removal"). Because the Third Circuit denied Petitioner's stay request in this action, (Resp't's Ex. 8, ECF No. 4-8), Petitioner remains in post-removal-order status.

within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A).  The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).

"An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final . . . "[u]pon dismissal of an appeal by the Board of Immigration Appeals[.]" 8 C.F.R. § 1241.1(a).  During the removal period, "the Attorney General shall detain the alien."  8 U.S.C. § 1231(a) (2).  Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

In *Zadvydas v. Davis,* 533 U.S. 678, 121 S. Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely pending removal, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689.  To guide habeas courts, the Court recognized six months as a presumptively reasonable period of post-removal-order detention.  *Id.* at 701.  The Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701.  Specifically, the Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the

4

> contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

In this case, Petitioner's order of removal became final on February 26, 2016, when the Board of Immigration Appeals dismissed his appeal, which started his six-month *Zadvydas* period. *See Hendricks v. Reno*, 221 F. App'x 131, 133 (3d Cir 2007) (holding that the *Zadvydas* six-month period was calculated independent from the length of a petitioner's pre-removal-order detention); *Taylor v. Att'y Gen. of U.S.*, 241 F. App'x 6, 9 (3d Cir. 2007) (same). As of the date of this Opinion, Petitioner has been in post-removal-order detention for approximately four months and is within the presumptively reasonable six-month period of post-removal-order immigration detention set forth in *Zadvydas*. Accordingly, Petitioner's challenge to his post-removal-order immigration detention is premature and will be denied without prejudice. *See, e.g., Severin v. Aviles*, No. 15-3711, 2016 WL 1450550, at *2 (D.N.J. Apr. 12, 2016) (denying without prejudice petition filed within the six-month period as premature under *Zadvydas*); *Nkansah v. Aviles*, 2015 WL 4064691, at *4 (same). Should the United States fail to execute the order of removal within a reasonable time, such a claim may be reasserted.

### III.   CONCLUSION

For the foregoing reasons, the Petition is denied without prejudice. An appropriate order will be entered.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge